Dennis J. Hayes, Esq.  Bar No. 123576 - djh@sdlaborlaw.com
Adam E. Chaikin, Esq.  Bar No. 199458 -aec@sdlaborlaw.com
Lauren Arens, Esq.  Bar No. 261946- la@sdlaborlaw.com
**Law Offices of Dennis J. Hayes**
3258 Fourth Avenue
San Diego, California 92103
Telephone: (619) 297-6900
Facsimile:  (619) 297-6901

Attorneys for Petitioner/Plaintiff, United Nurses of Children's Hospital

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED NURSES OF CHILDREN'S HOSPITAL,<br><br>Petitioner/Plaintiff,<br><br>vs.<br><br>RADY CHILDREN'S HOSPITAL – SAN DIEGO,<br><br>Respondent/Defendant. | CASE NO. '09 CV 2633 MMA CAB<br><br>**PETITION FOR ORDER COMPELLING ARBITRATION; COMPLAINT FOR INJUNCTIVE RELIEF** |

Petitioner/Plaintiff alleges:

## I. PARTIES, JURISDICTION AND VENUE

1. Petitioner/Plaintiff United Nurses of Children's Hospital ("UNOCH" or "Petitioner") is a labor organization as defined by 29 USC § 152(5), with its principal office located in La Mesa, California.

2. Respondent/Defendant Rady Children's Hospital – San Diego ("RCHSD" or "Respondent" or "Employer") is an employer defined by 29 USC § 152(2), and is a private not-for-profit corporation doing business in San Diego County, California.

3. This Court has jurisdiction of this matter pursuant to Section 301 of the Labor Management Relations Act, 29 USC § 185.

4. Venue is proper in this Court because the matters giving rise to this Petition/Complaint occurred within this judicial district.

## II. FACTUAL ALLEGATIONS

5. UNOCH is the sole and exclusive bargaining representative for all employees in the Registered Nurses Bargaining Unit ("RN Unit") and the Technical Division Bargaining Unit ("Technical Unit") who are employed by Respondent in San Diego, California.

6. UNOCH and Respondent are parties to collective bargaining agreements. The parties have shared a collective bargaining relationship for many years and have been parties to a series of collective bargaining agreements concerning wages, hours, terms and conditions of employment.

7. The current agreement between UNOCH and RCHSD for the RN Unit, entitled a Collective Bargaining Agreement ("RN CBA" or "RN Unit CBA"), is in full force and effect from 2009-2012. A true and correct copy of the RN Unit CBA is attached hereto and incorporated herein as Exhibit "A."

8. The current agreement between UNOCH and RCHSD for the Technical Unit, also entitled a Collective Bargaining Agreement ("Tech Unit CBA"), is in full force

2

CASE NO

and effect from 2007-2010. A true and correct copy of the Technical Unit CBA is attached hereto and incorporated herein as Exhibit "B." The RN CBA and the Tech Unit CBA are collectively referred to as ("CBAs").

9. Article 6 of the RN Unit CBA attached as Exhibit "A" hereto provides for arbitration of any dispute that might arise under this Agreement. Section 602 broadly defines a grievance as "Any complaint or dispute arising between a Registered Nurse and/or UNOCH and RCHSD concerning conduct by RCHSD alleged to be in violation of an express provision of this Agreement shall be resolved by the filing of a grievance in accordance with this Article...." Section 606 provides for arbitration of any grievance that is not resolved. That Section provides as follows:

> "If a grievance, which has been timely referred to mediation under Section 605 above, is not satisfactorily settled as the result of mediation, UNOCH may, within ten (10) calendar days of the mediation, refer the grievance to arbitration by notifying the Human Resources department of its intention to submit the grievance to arbitration. If arbitration pursuant to Section 606 is not requested within the applicable time periods indicated above, the grievance shall be deemed to have been resolved and shall not be subject to any further proceedings. RCHSD and UNOCH shall, within ten (10) working days of such notification, choose a mutually acceptable impartial arbitrator. If the parties are unable to agree to an arbitrator, they shall request either the American Arbitration Association (AAA) or the Federal Mediation and Conciliation Service (FMCS) to provide them with a list of seven (7) arbitrators who reside or have an office in Southern California, with a preference for arbitrators who are also experienced in issues involving the health care industry. Either party shall have the option of requesting a second list before the commencement of the selection process, but such option must be exercised by (1) mailing a new request to the AAA or FMCS whichever is applicable, and (2) notifying the other party in writing, both within fifteen (15) calendar days of the date shown on the first list. If either party refuses to participate in the selection or arbitration process, selection of the arbitrator and the arbitration shall be pursuant to the AAA's Voluntary Labor Arbitration Rules, except as such Rules are modified by the provisions of this Agreement."

Finally, Section 607 of the RN Unit CBA provides, in pertinent part, that "Any decision within the jurisdiction of the Arbitrator shall be final and binding on all concerned. The expenses and salary incident of services of the Arbitrator shall be shared equally by RCHSD and UNOCH."

10. Article 6 of the Tech Unit CBA, attached as Exhibit "B" hereto, is identical to that of Article 6 of the RN Unit CBA and also provides for arbitration of any dispute that might arise under this Agreement. Section 602 also broadly defines a grievance as "[a]ny complaint or dispute arising between an employee in the Bargaining Unit and/or UNOCH and RCHSD concerning conduct by RCHSD alleged to be in violation of an express provision of this Agreement shall be resolved by the filing of a grievance in accordance with this Article...." Section 606 provides for arbitration of any grievance that is not resolved. That Section is identical to the section quoted above under Paragraph 9 of the instant Petition/Complaint. Finally, Section 607 of the Tech Unit CBA provides, in pertinent part, that "Any decision within the jurisdiction of the Arbitrator shall be final and binding on all concerned. The expenses and salary incident of services of the Arbitrator shall be shared equally by RCHSD and UNOCH."

11. On October 12, 2009, UNOCH representatives attended a Leadership Meeting. At that meeting were representatives from RCHSD and representatives from UNOCH. In that meeting, one of the topics discussed was the subject of flu vaccinations. RCHSD stated that it believed that other hospitals were mandating flu shots and that RCHSD was considering doing the same. UNOCH informed RCHSD that it did not agree with mandated flu vaccine and believed that such a mandate would be illegal with the current state of California law. UNOCH inquired as to whose authority RCHSD would be implementing the mandatory flu vaccinations and RCHSD responded that upper management allowed for the mandates. UNOCH informed RCHSD that it supports voluntary immunizations and education to increase flu immunization among health care providers, as well as other preventative measures. Additionally, UNOCH inquired at this meeting about evidence based research showing

that paper masks were effective in helping to prevent the spread of the flu virus. RCHSD did not respond to this question. UNOCH was never informed that a policy was being proposed at this meeting and was never supplied with a proposed policy at this meeting.

12. On October 21, 2009, representatives of UNOCH and representatives of the Employer attended a Labor Management Committee Meeting. This meeting is held monthly pursuant to the terms of the RN Unit and Technical Unit collective bargaining agreements. In that meeting, one of the topics discussed was the subject of flu vaccinations. The topic was identified on the agenda as "Flu Update." During the discussion of the topic, UNOCH again informed RCHSD that UNOCH did not agree with mandated flu vaccine and believed that such a mandate would be illegal with the current state of California law. No proposed policy for mandatory flu vaccinations was provided to UNOCH as of October 21, 2009.

13. On November 6, 2009, UNOCH became aware that RCHSD was announcing in staff meetings that it had unilaterally implemented a mandatory flu vaccination policy for all employees of RCHSD. Prior to that time, UNOCH was never provided with a copy a proposed policy prior to its unilateral implementation by the Employer on or about November 6, 2009.

14. On November 6, 2009, UNOCH filed a grievance under the collective bargaining agreements. The grievance, which was based on the policy guidelines that it believed existed (since UNOCH still had not been provided with a copy of the policy), alleged the following:

    i. Requiring UNOCH members to have mandatory influenza vaccinations without providing an option to decline the vaccinations violated those employees' statutory rights;

    ii. Unilateral implementation of forced medical treatment without bargaining violated Sections 101 of the collective bargaining agreements between UNOCH and RCHSD;

iii. Distributing a policy that creates a new condition of employment for UNOCH members without providing the policy to UNOCH with notice and a chance to meet and discuss the policy, as required by sections 2304 of the Technical Unit CBA and 2504 of the RN Unit CBA, violated those sections.

iv. Any policy that requires nurses who have not been vaccinated to wear a face mask at all times while working and wear a name tag identifying the nurse as a non-vaccinated nurse violated the privacy of those nurses.

15. Along with the grievance, on November 6, 2009, UNOCH Counsel sent a letter to the Employer requesting that the grievance proceed directly to arbitration and that RCHSD stay the implementation of the policy requiring mandatory vaccinations as a condition of employment for UNOCH members pending the outcome of the arbitration.

16. RCHSD responded to UNOCH's grievance and letter of November 6, 2009, by correspondence dated November 9, 2009. In that response, RCHSD outlined its new flu vaccination policy (SM-2-36). Specifically, that policy required that:

a. Influenza immunization is a condition of hire and retention for all employees. All employees must be vaccinated within two weeks following notice that the vaccinations are available to staff. Declinations are considered under the following circumstances:

i. Medical contraindication to the vaccine.

ii. The employee can produce documentation of receiving the flu vaccination elsewhere, including date and type of vaccination received; or

iii. A current non-management employee expresses a conscientious objection to receiving the vaccination. Declinations for this reason would not be available for anyone hired on or after October 15, 2009.

CASE NO

1. In the event that an employee declines the vaccination, the following conditions must be met:
   a. A declination must be signed;
   b. Staff signing declinations will be required to wear an appropriate mask at all times while in hospital facilities and would be issued a badge of a different color.
   c. The names of all staff that signed declinations would be forwarded to their managers to monitor compliance.

RCHSD further stated that the unilaterally-implemented mandatory flu vaccination policy was not a mandatory subject of bargaining, that UNOCH had been notified of the proposed change to the policy at the October 12, 2009 Leadership Meeting and October 21, 2009, Labor-Management Meeting, and that patients' rights of safety outweighed the UNOCH members' rights to privacy.

17. Based on the reasons stated in Paragraph 16, above, RCHSD rejected the grievance filed by UNOCH as not arbitrable under the collective bargaining agreements and also refused to suspend the mandatory vaccination program.

18. To date, the Employer has (1) refused to arbitrate the grievance under the collective bargaining agreements; (2) refused to rescind its unilaterally-implemented policy; and (3) refused to announce that the policy is voluntary only for the RCHSD employees represented by UNOCH.

19. Also on November 9, 2009, for the first time, RCHSD provided UNOCH with a copy of flu vaccination policy SM-2-36. Policy No. SM-2-36, entitled "Influenza Immunization Program," is identified as becoming effective October 2009.

20. California Health and Safety Code § 1288.7 provides that health care employees who do not wish to be vaccinated may decline to do so by providing their employer with a written declaration of declination. That statute does not require the

employee to state any reason for the denial of a vaccination. Because Health and Safety Code § 1288.7 grants employees the option of submitting a written declaration that he or she declines the vaccination, RCHSD cannot punish UNOCH represented employees by violating their medical privacy and requiring them to wear green badges if they so choose to exercise their statutory right to decline vaccinations.

21. Section 101 of the RN Unit CBA and Section 101 of the Tech Unit CBA both provide that UNOCH is "the sole and exclusive collective bargaining representative of all Employees" in these units. As the exclusive representative, UNOCH is entitled, as a matter of law and the CBAs, to bargain, to be consulted, and to be heard: (1) before the Respondent implements a new condition of employment such as mandatory vaccinations and/or requiring UNOCH-represented employees to wear masks and special badges identifying them as non-vaccinated nurses; and/or (2) before Respondent creates a new condition of hire whereby employees cannot be hired without being vaccinated immediately upon employment. The Employer's unilateral implementation of forced medical treatment or continuous masking without bargaining is inconsistent with the above-contract provisions.

22. Article 2504 of the RN CBA and Article 2304 of the Tech Unit CBA are identical. They both provide that distributing a policy which creates a condition of employment for UNOCH members prior to providing the policy to UNOCH violates the CBAs between the parties because those sections require RCHSD to provide seven (7) days' notice to UNOCH to meet and discuss such policies with UNOCH if UNOCH requests a meeting within the seven (7) day notice period. Accordingly, RCHSD violated both of sections of the CBAs when it implemented the new mandatory vaccination policies without first providing notice to UNOCH and a chance for UNOCH to meet with RCHSD regarding Policy No. SM-2-36.

23. The Employer's plan to publicly identify the nurses who do not receive the vaccine by changing their name badge to a green name badge invades the medical privacy

of all nurses in violation of Health Insurance Portability and Accountability Act of 1996 (45 CFR 164.501; "HIPAA"), California Medical Information Act [California Civil Code §§ 56, et. al. ("CMIA")] and specifically, Civil Code § 56.20.

24. The grievance-arbitration provisions of the CBAs provide for final and binding arbitration.

25. Since, by the time an arbitration could be rendered, nurses will already have been forced to submit to vaccinations or to wear identifying name tags and ineffective masks that will interfere with their patient care duties, a cease and desist order by the arbitrator will be a futile act rather than a meaningful remedy. The arbitrator will no longer be able to issue a remedy that protects the substantial privacy, health, and economic interests of the impacted nurses.

26. Registered nurses are health care experts who work tirelessly to protect the health of their patients and are well aware of the risks and benefits for vaccinations. UNOCH supports education efforts about the value of flu vaccinations. UNOCH believes that the receipt of any medical treatment is up to the individual patient and that education – not brute force – is the best way to encourage any person to receive medical care. In addition, UNOCH is very concerned about the adverse consequences not only to the privacy of UNOCH nurses but also to the possibility of adverse medical consequence to the nurses allergic to the vaccine.

27. The "masking" alternative to the flu vaccine is no alternative at all. There is no evidence based research that suggests that the all-day, continuous paper masking effectively limits flu transmission [*See,* Center for Disease Control ("CDC") *Guidelines and Recommendations, Interim Guidance for Use of Masks to Control Influenza Transmission,* August 1, 2009, "However, no studies have definitively shown that masks use by either infectious patients or health-care personnel prevents influenza transmission." (A true and correct copy of said Article is attached hereto and incorporated herein as Exhibit "C.")

28. There is no justification for Respondent proceeding with mandatory vaccinations with little or no warning and without first engaging in negotiations with impacted UNOCH represented employees. Such vaccinations are neither a condition of becoming a registered nurse in California, nor a condition of becoming a health care worker in California. The CDC recommends voluntary vaccination programs and education efforts, not forced vaccinations, and it has never recommended all-day continuous masking for flu control.

29. Furthermore, the Employer's plan to publicly identify individual nurses who do not receive the vaccine by changing their name badge to a green name badge invades the medical privacy of all the nurses.

30. Although UNOCH supports and promotes voluntary vaccination programs, forcing medical treatment on pain of loss of employment impermissibly intrudes on private and personal medical decisions and may force some nurses to choose between their health and their ability to support their families.

### III. FIRST CLAIM FOR RELIEF
### (PETITION TO COMPEL ARBITRATION)

31. Petitioner UNOCH realleges and incorporates by reference the allegations made in paragraphs 1 through 30, above.

32. UNOCH's refusal to submit the instant matter to arbitration is a violation of the collective bargaining agreements between UNOCH and RCHSD.

33. The Employer's refusal to halt implementation of its mandatory vaccination/badge identification/continuous masking program violates Section 301 of the LMRA, 29 U.S.C. § 185, and the Employer's obligations under the parties' collective bargaining agreements. UNOCH has properly challenged the Employer's actions by filing a grievance and demanding arbitration under the collective bargaining agreements. As a result, this dispute must be resolved in arbitration.

# IV. SECOND CLAIM FOR RELIEF
## (FOR TEMPORARY, PRELIMINARY, AND PERMANENT INJUNCTION)

34. Petitioner UNOCH realleges and incorporates by reference the allegations made in paragraphs 1 through 33, above.

35. Employer's unilaterally implemented Policy No. SM-2-36 violated the collective bargaining agreements between the parties, California Health and Safety Code § 1288.7, HIPPA, the California Medical Information Act, and specifically, Civil Code § 56.20

36. The foregoing actions by the Employer will, unless promptly enjoined, cause UNOCH and the RCHSD employees it represents, irreparable harm. Immediate injunctive relief is appropriate and necessary to maintain the status quo to permit an arbitrator to consider and act upon the dispute.

37. Unless promptly enjoined, the Employer will not cease and desist from its unlawful course of action.

38. An injunction maintaining the status quo will not cause measurable harm to the Employer as it will not disturb its present industry-standard voluntary vaccination program.

39. Therefore, the Petitioner requests this Court to enjoin the Employer from implementing Policy No. SM-2-36, as set forth in Paragraphs 14, 15, and 25 through 30, above.

40. UNOCH has complied with all obligations imposed by law in connection with this dispute.

///
///
///
///
///

## V. PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court award it the following relief:

1. For an order compelling arbitration of the controversy in accordance with the collective bargaining agreements;

2. For temporary, preliminary and permanent injunctive relief preserving the status quo that preceded the present controversy (*status quo ante litem*) pending the resolution of the parties' dispute under the collective bargaining agreement through a final and binding arbitration award;

3. For an order directing the parties to submit this dispute to expedited arbitration;

4. The costs of the suit herein, including reasonable attorneys' fees; and

5. Such other and further relief as the Court deems proper.

Dated: November 20, 2009

**LAW OFFICES OF DENNIS J. HAYES**

By: /s/ Lauren Arens

Dennis J. Hayes, Esq.
Adam E. Chaikin, Esq.
Lauren Arens, Esq.
Attorneys for Petitioner/Plaintiff
United Nurses of Children's Hospital

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United Nurses of Children's Hospital

### DEFENDANTS
Rady Children's Hospital - San Diego

FILED 2009 NOV 20 PM 1:36
CLERK
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

(b) County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Law Offices of Dennis J. Hayes, 3258 4th Ave., San Diego, CA 92103  (619) 297-6900

Attorneys (If Known)

'09 CV 2633 MM(CAB)

ORIGINAL

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☒ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | IMMIGRATION | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 USC § 185

Brief description of cause:
PETITION FOR ORDER COMPELLING ARBITRATION; COMPLAINT FOR INJUNCTIVE RELIEF

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE  11/20/2009
SIGNATURE OF ATTORNEY OF RECORD  /s/ Lauren Arens

FOR OFFICE USE ONLY

RECEIPT # 7512   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

MB 11/20/09

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS007512
Cashier ID: mbain
Transaction Date: 11/20/2009
Payer Name: SAN DIEGO LEGAL SUPPORT SVCS
------------------------------------
CIVIL FILING FEE
 For: UNITED NURSES V RADY CHILDREN
 Case/Party: D-CAS-3-09-CV-002633-001
 Amount:         $350.00
------------------------------------
CHECK
 Check/Money Order Num: 84223
 Amt Tendered: $350.00
------------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:    $0.00


There will be a fee of $45.00
charged for any returned check.
```